UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MALISSA WAITHE,                )
                               )
        Plaintiff              )
                               )    No. 3:14-0673
v.                             )    Chief Judge Sharp/Bryant
                               )
UNITED ROAD TOWING,            )
                               )
        Defendant              )

**TO:    THE HONORABLE CHIEF JUDGE KEVIN H. SHARP**

**REPORT AND RECOMMENDATION**

The remaining Defendant, United Road Towing, has filed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff's complaint fails to state a claim upon which relief can be granted. Specifically, Defendant argues that Plaintiff's claim of racial discrimination in employment is time-barred because Plaintiff has failed to file a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or any state agency.

Plaintiff Waithe has filed a response in opposition (Docket Entry No. 10) and Defendant has filed a reply (Docket Entry No. 14).

For the reasons stated below, the undersigned Magistrate Judge recommends that Defendant's motion be granted, and that the complaint be dismissed.

**STATEMENT OF THE CASE**

Plaintiff Malissa Waithe, who is proceeding *pro se* and *in forma pauperis*, has filed her complaint alleging that her former employer, Defendant United Road Towing ("United") wrongfully terminated her employment on March 13, 2013, "following [a] racially motivated incident, instigated and committed by [a] white employee who was not terminated." (Docket Entry No. 1 at 6). Upon review, the Court found that "the complaint states a colorable claim of discrimination in violation of Title VII against United Road Towing that is not facially frivolous or malicious." (Docket Entry No. 3 at 2).

Defendant United has filed its motion to dismiss.

**STANDARD OF REVIEW**

Although United entitled its motion as one to dismiss pursuant to Rule 12(b)(6), it relies upon the affirmative defense of Plaintiff's failure to comply with a statute of limitations contained in Title VII. Therefore, the undersigned Magistrate Judge finds that this motion is properly analyzed under the standard that applies to a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.

A party may obtain summary judgment by showing "that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ.

P. 56(a); *Covington v. Knox County School Sys.*, 205 F.3d 912, 914 (6th Cir. 2000). The moving party bears the initial burden of satisfying the court that the standards of Rule 56 have been met. *See Martin v. Kelley*, 803 F.2d 236, 239 n.4 (6th Cir. 1986). The ultimate question to be addressed is whether there exists any genuine dispute of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Covington*, 205 F.3d at 914 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). If so, summary judgment is inappropriate.

To defeat a properly supported motion for summary judgment, the nonmoving party must set forth specific facts showing that there is a genuine issue of material fact for trial. If the party does not so respond, summary judgment will be entered if appropriate. Fed. R. Civ. P. 56(e). The nonmoving party's burden of providing specific facts demonstrating that there remains a genuine issue of material fact for trial is triggered once the moving party shows an absence of evidence to support the nonmoving party's case. *Celotex*, 477 U.S. at 325. A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In ruling on a motion for summary judgment, the Court must construe the evidence in the light most favorable to the nonmoving party,

drawing all justifiable inferences in its favor. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**ANALYSIS**

Defendant United argues that Plaintiff's complaint must be dismissed because she has failed to file a timely charge of race discrimination with the EEOC or the appropriate state agency within the statutory limitations period. Title 42, § 2000e-5(e)(1) provides that a charge of employment discrimination shall be filed with the EEOC within 180 days after the alleged unlawful employment practice occurred or, alternatively, a charge must be filed with an appropriate state agency within 300 days after the alleged unlawful employment practice occurred. Defendant United argues that Plaintiff has failed to comply with either of these limitations periods, and that her complaint is now time-barred and must be dismissed for her failure to exhaust administrative remedies.

In her response (Docket Entry No. 10), Plaintiff Waithe makes three arguments. First, Plaintiff argues that upon initial review the Court has already found that "the complaint states a colorable claim of discrimination in violation of Title VII against United Road Towing that is not facially frivolous or malicious." (Docket Entry No. 3 at 2). However, this argument is unavailing for Plaintiff because the standard for an initial review of an *in forma pauperis* complaint assumes all well-pled facts in the complaint to

4

be true but does not take into account any affirmative defense that may be raised by a defendant.

Second, Plaintiff argues that the Sixth Circuit has held that a right-to-sue letter is not a jurisdictional requirement for bringing a Title VII action, citing *Truitt v. County of Wayne*, 148 F.3d 644 (6th Cir. 1998). While Plaintiff is correct in this statement of law, this argument also is unavailing for Plaintiff. Defendant United does not here challenge the jurisdiction of the Court based upon Plaintiff's failure to file an administrative charge of discrimination. Instead, United relies upon the affirmative defense of failure to exhaust administrative remedies by filing a timely charge of discrimination with the EEOC or appropriate state agency within the limitations period required by the statute. As the *Truitt* opinion makes clear, this affirmative defense is not a jurisdictional prerequisite and may be waived by a defendant if it is not asserted. It has been asserted by United here, however, so there is no waiver of the defense.

Finally, Plaintiff argues that failure to file a timely charge of discrimination with the EEOC is subject to estoppel and equitable tolling, citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Again, Plaintiff correctly states the law. Nevertheless, Plaintiff here has offered no evidence, or even an

argument, that would support a finding of estoppel or equitable tolling in this case.

Plaintiff in her motion papers states that she filed a Title VII complaint with the EEOC on or about May 5, 2014 (Docket Entry No. 10 at 2). This filing occurred more than a year after Plaintiff's allegedly wrongful termination on March 13, 2013. Thus, from the record before the Court, it appears undisputed that Plaintiff failed to file a charge of discrimination with the EEOC or with an appropriate state agency within 300 days after the alleged unlawful employment practice occurred, as required by 42 U.S.C. § 2000e-5(e)(1).

In general, exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its role of obtaining voluntary compliance and promoting conciliatory efforts. *Williams v. Little Rock Mun. Waterworks*, 21 F.3d 218, 222 (8th Cir. 1994). To exhaust her remedies, a Title VII plaintiff must timely file her charges with the EEOC and receive, from the EEOC, a "right-to-sue" letter. Failure to exhaust her administrative remedies in this manner is fatal to Plaintiff's claim in this Court, and the undersigned Magistrate Judge finds from the undisputed record that there is no genuine dispute as to any material fact and that Plaintiff's claim

must be dismissed as a matter of law. *Bybee v. Pirtle*, 99 F.3d 1136 (6th Cir. 1996) (unpublished).

**RECOMMENDATION**

For the reasons stated above, the undersigned Magistrate Judge recommends that Defendant United's motion to dismiss, analyzed as a motion for summary judgment, should be granted and the complaint dismissed.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 6th day of May, 2015.

/s/  John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge