UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MALISSA WAITHE, | ) |  |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:14-0673 |
|  | ) | Judge Sharp |
| UNITED ROAD TOWING, | ) | |
| Defendant. | ) | |

### ORDER

Magistrate Judge Bryant has issued a Report and Recommendation ("R &R") (Docket No. 17) in which he recommends that the Motion to Dismiss filed by the sole remaining Defendant, United Road Towing, be granted because Plaintiff failed to timely file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), or any deferral state agency. Plaintiff has filed an Objection (Docket No. 20) to the R &R. Having conducted the *de novo* review required by Rule 72 of the Federal Rules of Civil Procedure, the Court finds the recommended disposition is correct and will therefore accept the R & R.

In her Objection, Plaintiff argues that, in Patsy v. Bd. of Regents, 457 U.S. 496 (1982), "the Supreme Court held that the exhaustion requirement does not apply to Title VII complaints." (Docket No. 20 at 2). She also cites various cases for the assertion that "[i]t is settled law that a plaintiff pursuing a claim brought under 42 U.S.C. § 1983 for a violation of his civil rights is not required to exhaust administrative remedies as a prerequisite to bringing an action under Section 1983." (Id.).

The latter proposition is undoubtedly correct because the precise issue in Patsy was "whether

1

exhaustion of state administrative remedies is a prerequisite to an action under 42 U.S.C. § 1983," and the Supreme Court held that it was not. However, Section 1983 and Title VII are not interchangeable for the purpose of exhaustion of administrative remedies. See, Webb v. Bd. of Ed. of Dyer Cnty., 471 U.S. 234, 240 (1985) ("Title VII . . . require[s] a plaintiff to pursue available state administrative remedies," but "nothing in § 1983 requires a plaintiff exhaust his administrative remedies before bringing a § 1983 suit", citing Patsy and New York Gaslight Club, Inc. v. Carey, 447 U.S. 54 (1985).

Plaintiff brings no viable claim under Section 1983 against United Road Towing because that entity is not a state actor and it is not alleged to have violated one of Plaintiff's constitutional rights in that role. See, Filarsky v. Delia. 132 S.Ct. 1657, 1661 (2012) ("Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law"); Top Flight Ent., Ltd. v. Schuette, 729 F.3d 623, 634 (6th Cir. 2013) (to assert viable claims under Section 1983, "plaintiff must allege facts showing how a state official is connected to, or has responsibility for, the alleged constitutional violations"). Rather, Plaintiff's claim is that she was treated differently than a white employee in violation of Title VII, 42 U.S.C. § 2000e *et seq*. While "filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court," Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982), "exhaustion of administrative remedies is a condition precedent to a Title VII action," Samuels v. Corr. Med. Serv., Inc., 591 Fed. App'x 475, 486 (6th Cir. 2006).

Accordingly, the Court rules as follows:

(1) The R & R (Docket No. 17) is hereby ACCEPTED and APPROVED;

(2) Plaintiff's Objection to the R & R (Docket No. 20) is hereby OVERRULED;

2

(3) Defendant United Road Towing's Motion to Dismiss (Docket No. 8) is hereby GRANTED; and

(4) Plaintiff's Complaint is hereby DISMISSED.

The Clerk of the Court shall enter final judgment in accordance with Rule 58 of the Federal Rules of Civil Procedure.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE